UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO. 3:05 CV 241/mCR/mD

MORGAN STANLEY DW INC. f/k/a DEAN WITTER
REYNOLDS, INC., a Delaware corporation,

       Plaintiff,

vs.

RODNEY C. RANDLE, individually, and
HUGH SCOTT MANN, individually,

       Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court upon Plaintiff's, **MORGAN STANLEY DW, INC. f/k/a DEAN WITTER REYNOLDS, INC.** ("**MORGAN STANLEY**") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. Upon due and careful consideration of the Complaint, the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, the supporting Affidavit, and Plaintiff's Memorandum and Supplemental Memorandum in Support of Emergency Motion and being otherwise advised in the premises, the Court does hereby find as follows:

    1.    Under Section 10335 of the National Association of Securities Dealers Code of Arbitration Procedure, and the authority of the holding in *American Express Financial Advisors v. Makarawicz*, 122 F.3d 936 (11th Cir. 1997), **MORGAN STANLEY** has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

    2.    There is cause to believe that the rights of **MORGAN STANLEY** with respect to its property, proprietary and confidential information, competitive interests, and employment contracts with Defendants **RODNEY C. RANDLE** ("**RANDLE**") and **HUGH SCOTT MANN** ("**MANN**") are being

and may continue to be violated by Defendants unless said Defendants are restrained in the manner set forth herein.

3.      Plaintiff **MORGAN STANLEY** will suffer irreparable harm and loss if **RANDLE and MANN** are permitted to: (a) convert property of **MORGAN STANLEY** to their own personal use and benefit, and that of their new employer, **WACHOVIA SECURITIES**, and (b) solicit **MORGAN STANLEY** clients to transfer their business to a competitor firm and if Defendants are not immediately enjoined without further notice or hearing.

4.      Plaintiff **MORGAN STANLEY** has no adequate remedy at law.

5.      Greater injury will be inflicted upon Plaintiff **MORGAN STANLEY** by the denial of temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

ORDERED AND DECREED THAT:

1.      Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED** and is effective as of *3:12* p.m. this *1st* day of *July*, 2005.  Plaintiff shall post security with the Clerk of this Court in the amount of $*20,000.00* no later than the *6th* day of *July*, 2005.

2.      **RANDLE and MANN** be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of **WACHOVIA SECURITIES**, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a)      soliciting or otherwise initiating any further contract or communication with any client of **MORGAN STANLEY** whom **RANDLE and MANN** served or whose name became known to **RANDLE and MANN** while in the employ of **MORGAN STANLEY**, for the purpose of advising said

2

clients of their new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from **MORGAN STANLEY**;

        (b)    soliciting or otherwise initiating any further contact or communication with any client of **MORGAN STANLEY** whose records or information **RANDLE and MANN** used in violation of their Employment Agreement. This specifically includes any client whom **RANDLE and MANN** may have contacted by mail, phone or otherwise through the use of any information obtained by **RANDLE and MANN** while in the employ of **MORGAN STANLEY** (excluding **RANDLE and MANN's** family and relatives);

        (c)    Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of **MORGAN STANLEY** or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

        (d)    Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in **RANDLE and MANN's** possession or control which were obtained from or contain information derived from any **MORGAN STANLEY** records, which pertain to **MORGAN STANLEY** clients whom **RANDLE and MANN** served or whose names became known to Defendants while employed by **MORGAN STANLEY**, or which relate to any of the events alleged in the Complaint in this action.

        3.    **RANDLE and MANN**, and anyone acting in concert or participation with **RANDLE and MANN**, specifically including **RANDLE and MANN's** counsel and any agent, employee, officer or representative of **WACHOVIA SECURITIES**, are further ordered to return to **MORGAN STANLEY's** Florida counsel any and all records, documents and/or other types of information pertaining to **MORGAN STANLEY** customers ("Customer Information"), whether in original, copied, handwritten, computerized

(including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to **RANDLE and MANN** or their counsel of the terms of this Order.

4.      Any and all Customer Information within the possession, custody or control of **RANDLE and MANN** that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a **MORGAN STANLEY** representative.  Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer.  **RANDLE and MANN** and anyone acting in concert with **RANDLE and MANN**, are precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to **MORGAN STANLEY** pursuant to paragraph 3 above.

5.      In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until 3:42 p .m. July 11 , 2005, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6.      Plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7.      Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

8.      This Temporary Restraining Order is entered this _1st_ day of _July_, 2005 at _3:42_ p.m., in Chambers in _Pensacola_, Florida and shall expire as set forth in Paragraph 5, above, unless extended by such further Order of this Court.

DONE AND ORDERED at _Pensacola_, Florida, this _1st_ day of _July_, 2005.

_M. Casey Rodgers_
UNITED STATES DISTRICT JUDGE